UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SOLOMON AND JENNIFER DESIRE SOLOMON** | **CIVIL ACTION** |
| | **NUMBER** |
| **VERSUS** | **JUDGE** |
| **MARQUETTE TRANSPORTATION. LLC AND MARQUETTE TRANSPORTATION GULF-INLAND, LLC** | **MAGISTRATE** |
| _____ | _____ |
| **Filed** | **Deputy Clerk** |

## COMPLAINT FOR DAMAGES

The petition of Joseph Solomon and Jennifer Desire Solomon individual and on behalf of their minor children, residents of the lawful age of majority of Ascension Parish, Louisiana, with respect represents that:

**I.**

Made defendants herein are Marquette Transportation Company, LLC and Marquette Transportation Gulf-Inland, LLC which are indebted unto petitioners for an amount reasonable in the premises, damages, and all other relief as provided for by law plus all costs of this proceeding together with legal interest on all amounts from date of injury, or alternatively from date of judicial demand, until paid for the following reasons:

**II.**

The admiralty jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1333(1) in that petitioners assert claims under the General Maritime Law.

**III.**

Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

**IV.**

At all material times herein, Marquette Transportation Company, LLC and Marquette Transportation Gulf-Inland, LLC (hereinafter collectively referred to as "Marquette Transportation") owned and operated a fleet of vessels for the movement of person and goods across navigable waters including the Mississippi River at Baton Rouge, Louisiana.

**V.**

At all material times herein, Joseph Solomon was employed by Ameri-Force and assigned to work for Kostmayer Construction, L.L.C. as a structural fitter repairing a dock facility located on the Mississippi River at Baton Rouge, Louisiana.

**VI.**

On or around December 29, 2014, Mr. Edwards, along with other employees of Ameri-Force and Kostmayer Construction Company, L.L.C., was performing the usual duties of his job as a structural fitter on behalf of Kostmayer Construction, L.L.C and was situated in man-lift aboard a barge moored on the Mississippi River at Baton Rouge, Louisiana.

**VII.**

Suddenly and without any warning a vessel owned and operated by a crew, including the captain, employed by Marquette Transportation, moving a string of barges in the Mississippi River lost control and allided with the barge where Mr. Solomon was located in the man-lift causing personal injuries to Mr. Solomon.

**VIII.**

The injuries to Mr. Solomon were caused by the acts and/or omissions of Marquette Transportation, its employees, agents and/or representatives in the following non-exclusive particulars:

a. Failure to maintain control of the vessel;

b. Failure to properly navigate the vessel;

c. Failure to properly train;

d. Failure to properly supervise;

e. Inadequate, insufficient, and/or improperly trained crew;

f. Failure to follow the applicable laws and regulations;

g. Failure to follow the applicable custom of the industry;

h. Other acts and/or omissions which may be shown at trial on this matter;

**IX.**

Further, the injuries referenced above were caused the unseaworthiness of the vessel, its equipment and appertunances and/or the negligence of the crew of the vessel and the employees, agents and representatives of Marquette Transportation.

**X.**

As a result of the collision between the vessel owned and operated by Marquette Transportation and the stationary barge upon which Mr. Solomon was situated, there is a presumption that the vessel is at fault in causing the collision and injuries to Mr. Solomon. *The Oregon,* 158 U.S. 186, 192–93, 15 S.Ct. 804, 806–08, 39 L.Ed. 943 (1895); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 503 (5th Cir. 1994); *Pennzoil Producing Co. v. Offshore Express,*

*Inc.,* 943 F.2d 1465, 1471 (5th Cir.1991); *American Petrofina Pipeline Co. v. M/V Shoko Maru,* 837 F.2d 1324, 1326 (5th Cir.1988).

## XI.

Joseph Solomon itemizes his past, present and future damages to include but not be limited to the following:

   a. Medical Expenses;

   b. Loss of earnings

   c. Impaired earning capacity;

   d. Physical pain and suffering;

   e. Mental anguish and emotional trauma;

   f. Disability;

   g. Scarring and disfigurement;

   h. Loss of enjoyment of life;

   i. Other damages provided by law or which may be shown at trial of this matter;

## XII.

Petitioners have further sustained a loss of consortium including society, services, and intimate relations due to the injuries to Jason Edwards.

**WHEREFORE** petitioners, Joseph Solomon and Jennifer Desire Solomon individually and on behalf of their minor children, pray that their Complaint for Damages be duly cited and served on defendants, Marquette Transportation Company, LLC and Marquette Transportation Gulf-Inland, LLC, and that after due proceedings had there be judgment herein in their favor and against defendants, jointly, severally and in solido, for an amount reasonable in the premises, damages, and all other relief as provided for by law plus all costs of this proceeding together

with legal interest on all amounts from date of injury, or alternatively from date of judicial demand, until paid

  **PRAYS FURTHER** for any and all other relief available;

               Respectfully submitted:

               **BATEMAN LAW FIRM**

               <u>s/David L. Bateman</u>
               David L. Bateman (LSBA No. 18781)
               6010 Perkins Road, Suite A
               Baton Rouge, LA   70808
               (225) 766-8484 Telephone
               (225) 766-8494 Facsimile

               **DUDLEY & DEBOSIER**

               Mr. Chad A. Dudley (LSBA No. 26868)
               1075 Government Street
               Baton Rouge, LA   70802
               (225) 379-3333 Telephone
               (225) 379-3411 Facsimile
               *Counsel for Plaintiffs*